UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

DR. ELPIDIO JOSE GARCIA,

     Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY, INC.

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DR. ELPIDIO JOSE GARCIA, by and through his undersigned counsel, sues the

Defendant, NOVA SOUTHEASTERN UNIVERSITY, INC., and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and to remedy violations of the rights of DR.

ELPIDIO JOSE GARCIA under Title VII of the Civil Rights Act of 1964, as amended ("Title

VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or the "FCRA"), to

redress injuries done to him by the Defendant, NOVA SOUTHEASTERN UNIVERSITY, INC.,

("Defendant").

2.     The unlawful acts which gave rise to this Complaint occurred within Broward

County, Florida during the Plaintiff's employment with Defendant, making venue proper in this

District pursuant to 28 U.S.C. § 1391.

## PARTIES

3.     At all times material hereto, Plaintiff has been a citizen and resident of Broward

County, Florida and is otherwise *sui juris*.

4.      As a Hispanic man born in the Dominican Republic, Plaintiff is a member of a protected class under Title VII and Chapter 760, because the terms, conditions, and privileges of his employment were altered because of his race and/or national origin.

5.      Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6.      Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and Chapter 760 (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7.      Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8.      Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9.      Plaintiff was issued a Notice of Right to Sue (the "Notice") on January 31, 2022. This suit is filed in accordance with the Notice and within the applicable ninety (90) day time limitation.  A copy of the Notice is attached hereto as Exhibit A.

10.      The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11.      Defendant hired Plaintiff in November 2008 as Director of the Call Center.

12.      The Plaintiff's job duties included oversight and responsibility for the operations of the call center.

13.      Plaintiff was qualified for the position he had based on his experience and training.

14. As the Defendant is aware, Plaintiff is a Hispanic man who was born in the Dominican Republic.

15. In January 2020, the Plaintiff attended a meeting in the office of Mr. Tom West, Chief Information Officer, to discuss ongoing projects between the Enrollment and Student Service ("ESS") and the Office of Innovation and Information Technology ("OIIT") departments. Mr. West is a white American. In attendance at this meeting with Mr. West and the Plaintiff were Dr. Stephanie Brown, a Black American, Mr. Lial Knight, a white American and the Senior Director of OIIT, and other members of both departments. After the meeting, everyone left except for Mr. Knight and Mr. West, who stayed in Mr. West's office with the door open. While the Plaintiff was standing outside by the door, he overheard Mr. Knight say to Mr. West, "I can't wait to get rid of that foreigner." The Plaintiff was the only foreigner in the meeting, so he knew Mr. Knight was talking about him and, rightfully so, felt humiliated, embarrassed, and discriminated against.

16. On February 25, 2020, Mr. Knight, who at no time was in a supervisory position over the Plaintiff, informed the Plaintiff that his position was being eliminated to move the Call Center into a "more technology driven operation."

17. After the Defendant terminated the Plaintiff, the Plaintiff discovered that his position had not actually been eliminated. Instead, Mr. Knight assumed Plaintiff's position.

18. Mr. Knight has substantially less contact center experience and fewer formal higher education achievements than Plaintiff. Plaintiff has 20 years of experience in the call center industry. His doctoral dissertation was on the implementation of new technology in a university call center – precisely the purported explanation for the "elimination" of Plaintiff's position. The

Plaintiff also has a master's degree in business and certificates in computer science. Mr. Knight has a bachelor's degree.

19.     Defendant has made significant changes to other departments and, instead of eliminating the director positions, has modified the positions so that the employees could maintain their employment.  Specifically:

a.   Director Diane Lippe, a white American – Defendant modified her department but provided her another assignment;

b.   Director David Tyree, a white American – Defendant rearranged his department but provided him a different position;

c.   Director Maria Dillard, a white American – Defendant transitioned her department into department for enrollment and student services, but the Defendant provided her a different role;

d.   Director Anthony Dinapolis, a white American – Defendant modified his department but Defendant provided him another assignment;

e.   Director Jennifer Nuthinham, a white American – Defendant modified her department but the Defendant provided her another assignment.

20.     Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Discrimination on the Basis of National Origin)

21.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

22.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed

against Plaintiff because Defendant discriminated against Plaintiff on the basis of his national origin, Dominican Republic.

23.     Mr. Knight and Mr. West, at all times relevant, were acting within the course and scope of their employment for Defendant.

24.     Because Plaintiff is Dominican, Defendant discriminated against him, and the Defendant refused to take any action to prevent the discrimination.

25.     Upon information and belief, non-Dominican, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

26.     Upon information and belief, American, similarly situated employees are not referred to as "foreigners" and eventually terminated.

27.     Upon information and belief, the Defendant provides alternate work roles to American, similarly situated employees when their departments are modified.

28.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) and discriminated against Plaintiff.

29.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

30.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964.  Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.  Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, §706(g); attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of National Origin)

31.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

32.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

33.     Mr. Knight and Mr. West, at all times relevant, were acting within the course and scope of their employment for Defendant.

34.     Because Plaintiff is Dominican, Defendant discriminated against him, and the Defendant refused to take any action to prevent the discrimination.

35.     Upon information and belief, non-Dominican, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

6

36.     Upon information and belief, American, similarly situated employees are not referred to as "foreigners" and eventually terminated.

37.     Upon information and belief, the Defendant provides alternate work roles to American similarly situated employees when their departments are modified.

38.     At all relevant and material times, Defendant failed to comply with the FCRA.

39.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

40.     The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

41.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his national origin in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

42.     Defendant's discriminatory actions against Plaintiff were directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is Dominican, in violation of the FCRA.

43.     Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

44.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Discrimination on the Basis of Race)

45.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here

46.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant discriminated against Plaintiff on the basis of his race, Hispanic.

47.     Mr. Knight and Mr. West, at all times relevant, were acting within the course and scope of their employment for Defendant.

48.     Because Plaintiff is Hispanic, Defendant discriminated against him, and the Defendant refused to take any action to prevent the discrimination.

49.     Upon information and belief, non-Hispanic, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

50.     Upon information and belief, non-Hispanic, similarly situated employees are not referred to as "foreigners" and eventually terminated.

51.      Upon information and belief, the Defendant provides alternate work roles to non-Hispanic similarly situated employees when their departments are modified.

52.      Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, which resulted in Defendant discriminating against Plaintiff.

53.      Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII.

54.      Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

**COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Race)**

55.      Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

56.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

57.     Plaintiff is Hispanic and therefore a member of a protected class.

58.     Mr. Knight and Mr. West, at all times relevant, were acting within the course and scope of their employment for Defendant.

59.     Because Plaintiff is Hispanic, Defendant discriminated against him, and the Defendant refused to take any action to prevent the discrimination.

60.     Upon information and belief, non-Hispanic, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

61.     Upon information and belief, non-Hispanic, similarly situated employees are not referred to as "foreigners" and eventually terminated.

62.     Upon information and belief, the Defendant provides alternate work roles to non-Hispanic similarly situated employees when their departments are modified.

63.     At all relevant and material times, Defendant failed to comply with the FCRA.

64.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

65.     At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was Hispanic.

66.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

67.     The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

68.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

69.     Defendant's discriminatory actions against Plaintiff were directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is Hispanic, in violation of the FCRA.

70.     Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

71.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 28th day of April, 2022.


By:   /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff