UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE No. 22-60822-CIV-DIMITROULEAS/HUNT

ELPIDIO JOSE GARCIA

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY, INC.

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendant Nova Southeastern University, Inc.'s Motion for Determination of Amount of Award of Reasonable Attorneys' Fees and Costs against Plaintiff Dr. Elpidio Jose Garcia. ECF No. 36. The Honorable William P. Dimitrouleas referred Defendant's Motion to the undersigned for a report and recommendation. ECF No. 37; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, Plaintiff's Response, Defendant's Reply, the case file, and applicable law, the undersigned respectfully RECOMMENDS that Defendant's Motion be GRANTED IN PART and DENIED IN PART as set forth below.

### **BACKGROUND**

On April 28, 2022, Plaintiff filed a Complaint against Defendant alleging violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. On October 18, 2022, Defendant filed its Motion for Summary Judgment, as well as a Motion for Sanctions. ECF Nos. 27, 29. Following an Order to Show Cause, the Court on November 17, 2022 entered an Omnibus Order granting the Motions by default. ECF No. 33. In

that Order, the Court determined that Defendant is entitled to an award of reasonable attorneys' fees and costs for this action. Id. at 2. Defendants now seek an award of reasonable attorneys' fees and costs.

## ANALYSIS

Per the Court's Order, it is clear Defendants are entitled to attorneys' fees and costs. This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08–61592–CIV–DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate of a six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient,

a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1]  *Id.*

    a. <u>Reasonable Hourly Rates</u>

Defendant, having prevailed on default judgment, now seeks a fee award of $41,653.50, plus costs of $633.85, based upon what appears to be just under 200 hours of professional services rendered.  Defendant requests an hourly rate ranging from $185 to $250 for counsel.  ECF No. 36-2.[2]  This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'"  *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

---

[1] The undersigned concludes that a hearing is not necessary.  A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303–04.  Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.  Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

[2] The Court notes that Defendant does not appear to have fully complied with Local Rule 7.3, in that it did not provide the identity, experience, and qualifications for each timekeeper for whom fees are sought.  However, given the objectively reasonable hourly rates, the undersigned can nonetheless make the necessary assessments.  It is also unclear as to whether Defendant served Plaintiff as is required under that rule, although Defendant does certify that a good faith effort to resolve issues by agreement occurred.

> professional relationship with the client; and (12) awards in similar cases. The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorneys' fees.

*Id.* (internal quotations and citations omitted).

The record establishes that Defendant negotiated flat billing rates with its attorneys for $185 per hour for May through August of 2022, and $250 per hour for September through November 2022. ECF No. 36-2 at 3. The Firm also requests $75 per hour for paralegals during the first period and $125 per hour for paralegals during the second period. *Id*. Plaintiff contends that the hourly rates are grossly inflated. This Court, having considered the provided affidavits and the twelve factors, as well as the prevailing market rates in the community, nonetheless determines that the requested rates are reasonable.

   b. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434. "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the

4

decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001).  Courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Although Defendant did provide billing records, Defendant did not notify this Court of the aggregate amount of hours for which it requests to be compensated.  ECF No. 36-2.  Having looked over the records, it appears Defendant seeks to be compensated for roughly 195 hours of work by multiple attorneys, all of whom were identified only by their initials. Defendant also seeks roughly eight hours of compensation for paralegal work. For the reasons outlined below, the undersigned finds it necessary to reduce the hours for which Defendant can be compensated because the hours claimed are unreasonably high.

It is notable that the billing records, which, again, pertain to a docket with 35 entries on a case that ended in a default judgment, total 29 pages.  In his affidavit, Richard A Beauchamp declares that "a considerable portion of the time spent on this case was in pursuit of a good faith resolution of the matter to avoid needless fees and costs that would accrue through protracted litigation."  ECF No. 36-2 at 3.  Nonetheless, The undersigned notes that in a fee-shifting context, resources must be allocated *reasonably,* rather than as in those cases where a well-heeled litigant "knowingly contracts for . . . premium services in exchange for premium hourly rates[, or] bargains for an army of lawyers." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-MOORE/TORRES, 2011 WL 9364952, at *8 (S.D. Fla. July 15, 2011).   It is simply unreasonable that a firm would expend almost

5

200 hours, split between multiple attorneys, to obtain a default judgment against a pro se litigant.

Per the docket, prior to filing the fees motion Defendant filed Notices of Appearances, ECF No. 5-6, an Agreed Motion for Extension of Time regarding the Answer to Plaintiff's Complaint, ECF No. 8, a nine-page Answer, ECF No. 12, a Joint Motion for Extension of Time to file the joint scheduling and discovery report, ECF No.17, the Joint Scheduling Report, ECF No. 22, a two-page Response to Order to Show Cause, ECF No. 26, a four-page Motion for Summary Judgment and accompanying three-page statement of material facts, ECF No. 27-28, and an eight-page Motion for Rule 11 sanctions, ECF No. 29.  The Motions for Summary Judgment and Sanctions were granted by default.  ECF No. 33.   Defendant claims this activity took roughly five 40-hour weeks of labor to accomplish.   Although Defendant's attorneys should be commended for their objectively reasonable hourly rates, the hours spent on this matter simply do not reflect the same judiciousness.

Taking into account the particular circumstances of this case and the voluminous billing records, the undersigned finds that an across-the-board cut is appropriate.  Plaintiff argues that Defendant should be compensated for no more than four hours of work, but Plaintiff appears to misunderstand that Defendant has been awarded fees for the cost of the entire action, rather than just for a particular motion.[3]  The undersigned finds instead that 50 hours adequately compensates Defendant's counsel for the hours reasonably

---

3.    Plaintiff also requests that this Court order that he be provided significant documentation and withhold any award until all appeals are exhausted.  These requests were not presented in the form of a motion.  However, to the extent that the *pro se* Plaintiff's requests need be addressed, the undersigned recommends that such requests be denied.

spent as reflected by the docket, as well as for the extensive negotiations claimed. Accordingly, Defendant should be compensated for only 50 hours of attorney work. Thirty hours are assigned to the period prior to September 2022, and 20 hours are assigned to the period after September, to reflect the split of work between those periods as reflected in the billing statements. The undersigned finds the hours attributed to paralegal work appropriate and fully compensable.

   c. <u>Lodestar Amount and Adjustment</u>

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Defendant should be awarded $5,550 ($185 x 30 hours) for the period before September 2022, and $5,000 ($250 x 20 hours) from September 2022 forward. Defendant should be awarded $675 for paralegal work ($75 x 5.5 through August

7

2022, $125 x 2.1 hours for the remaining period). The total amount of attorneys' fees the undersigned recommends Defendant be awarded is $11,225.

Regarding costs, the undersigned notes that Defendant's request was filed woefully late under Local Rule 7.3. Defendant's Motion also fails as to the requirement under Local Rule 7.3(c) that the application "must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920." "Defendants' noncompliance with Local Rule 7.3 is 'sufficient reason to deny the Motion.'" *Koppelman v. Galt Olcean Manor Condo. Ass'n*, *Inc.,* No. 16-62175-BLOOM/VALLE, 2017 WL 7411025, at *3 (S.D. Fla. Dec. 1, 2017), *report and recommendation adopted sub nom. Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-62175-CIV- BLOOM/VALLE, 2017 WL 7411184 (S.D. Fla. Dec. 21, 2017) (collecting cases). Given the numerous faults with Defendant's request for costs, it should be denied.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion for Determination of Amount of Award of Reasonable Attorneys' Fees and Costs, ECF No. 36, be GRANTED to the extent that Defendant be awarded attorneys' fees in the amount of $11,225.  The Motion should be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 18th day of May 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record